```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Sam Sloan

    v.                                    Civil No. 16-cv-052-PB

Hearst Media Company,
WMUR TV Station, and
Deborah Wasserman Schultz

### O R D E R

Plaintiff Sam Sloan, proceeding pro se, has filed a complaint (doc. no. 1) and a motion for a temporary restraining order ("TRO") (doc. no. 2). The TRO request is before the court for consideration.

### Background

The court credits as true the facts Sloan has asserted in the complaint and TRO request, for purposes of considering his TRO request. Sloan states that he is a candidate for the Office of the President of the United States, running as a Democrat. He further states that he has registered his candidacy with the Federal Election Commission, and that his name appears on the Democratic New Hampshire Presidential Primary Ballot.

Sloan asserts that he has prepared sixteen television advertisements to support his candidacy, and that he has requested that Defendant WMUR TV, a New Hampshire television station owned by Defendant Hearst Media Corporation, allow him to purchase air time to broadcast those advertisements, at a rate commensurate with that paid by Democratic presidential candidates Bernie Sanders and Hillary Clinton.  WMUR TV has refused to run Sloan's television advertisements.

Sloan further states that Defendant Congresswoman Deborah Wasserman Schultz, the Chairwoman of the Democratic National Committee, and former campaign manager for candidate Hillary Clinton, has prohibited Sloan from participating in televised debates among the Democratic candidates.  Sloan states that were the public aware of his candidacy, he is confident that he would win the majority of votes in the Democratic primary election. Sloan thus states that he is being harmed by the denial of television advertisement time and presence at the televised debates, as his absence from those broadcasts is the reason the public is not aware of his candidacy.

## Discussion

To obtain a TRO, Sloan must satisfy the requirements of Rule 65(b)(1) of the Federal Rules of Civil Procedure.  That rule requires that, to issue a TRO "without written or oral notice to the adverse party or its attorney," the court must find that:

> (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Sloan here has submitted neither a verified complaint nor an affidavit in this matter, and thus, his recitation of harm that he will suffer if he does not secure a TRO, does not satisfy Rule 65(b)(1)(A).  Moreover, Sloan, who is proceeding pro se, has not filed the certification required by Rule 65(b)(1)(B).

## Conclusion

Sloan filed his complaint and TRO request at approximately 3:00 p.m. on Election Day.  In addition, he has failed to

identify the statutes or constitutional provisions on which his claims are based.  Nor has he explained how he could succeed on either of his claims given prior decisions of this court that have rejected similar claims by other dissatisfied candidates. See Ealy v. Buckley, No. 15-cv-00373-PB, 2015 WL 6134188, at *2 (D.N.H. Oct. 19, 2015) (dismissing complaint seeking to compel the New Hampshire Democratic Party to allow plaintiff to speak at an event for Democratic presidential candidates, in part because the New Hampshire Democratic Party is not a governmental agency, and plaintiff could not assert a claim for relief against a private party for a violation of his federal constitutional rights); Levinson v. N.H. Pub. Television, No. 11-cv-589-PB, 2012 WL 1148259, at *3-*4 (D.N.H. Mar. 6, 2012) (dismissing action against television station because plaintiff had no First Amendment right to broadcast his ideas on public television station, and because 47 U.S.C. § 315 provides no private right of action to enforce the "equal opportunities" provision).

    For the foregoing reasons, plaintiff's motion for a TRO is denied for failure to comply with Rule 65(b)(1).  The motion is denied without prejudice to refiling a motion seeking

preliminary injunctive relief that complies with Rule 65, and without comment on the potential merit of the substance of any such claim.

    SO ORDERED.


                                                     /s/ Paul J. Barbadoro_____

                                                     Paul J. Barbadoro

                                                     United States District Judge

February 9, 2016

cc:   Sam Sloan, pro se