**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Sam Sloan</u>

    v.                                    Civil No. 16-cv-052-PB

<u>Hearst Media Company, WMUR TV,</u>
<u>and Deborah Wasserman Schultz</u>


**<u>REPORT AND RECOMMENDATION</u>**


Pro se plaintiff Sam Sloan, a Democratic candidate for the Office of the President of the United States, has filed a complaint (doc. no. 1) in this court, asserting that defendants violated his rights by denying him access to airtime to broadcast political campaign commercials, and refused to allow him to participate in televised Democratic candidate debates. The matter is before the court for preliminary review to determine whether Sloan has properly invoked the subject matter jurisdiction of this court.[1]  <u>See</u> LR 4.3(d)(3).

_____

[1]A request for a Temporary Restraining Order, contained within the complaint in this matter, was denied by the court on February 9, 2016.  <u>See</u> Doc. No. 4.

## **Background**

The facts asserted by Sloan are set forth in the district judge's February 9, 2016, Order (doc. no. 4) ("February 9 Order") denying Sloan's request for a temporary restraining order.  In short, Sloan alleges that defendant WMUR TV and its parent corporation, defendant Hearst Media, refused Sloan's request to purchase television campaign commercials, despite his willingness to pay for air time at the same rate as the major party candidates.  Further, Sloan alleges that defendant Schultz has refused to allow him to participate in televised Democratic candidate debates.  Sloan asserts injury to his presidential campaign as a result of the defendants' actions.

## **Discussion**

### I.   **Preliminary Review Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-

Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## II.  **No Federal Cause of Action Asserted**[2]

### A.   No State Action

As stated in the court's February 9 Order, Sloan failed, in

his complaint, to identify the statutes or constitutional

provisions upon which his claims are based.  Because the

defendants are private actors, he cannot assert a claim under 42

U.S.C. § 1983, asserting a violation of his constitutional

rights, as such claims are available only as asserted against

state actors.  See Ealy v. Buckley, No. 15-cv-373-PB, 2015 U.S.

Dist. LEXIS 141798 at *3, 2015 WL 6134188 at *2 (D.N.H. Sep. 15,

2015), R&R approved by No. 15-cv-00373-PB, 2015 U.S. Dist. LEXIS

141802, 2015 WL 6134188 (D.N.H. Oct. 19, 2015) (dismissing

complaint seeking to compel New Hampshire Democratic Party

("NHDP") to allow plaintiff to speak at Democratic presidential

candidate event, in part because plaintiff could not assert

claim for relief against private party, NHDP, for violation of

---

[2]The court notes that the February 9 Order (doc. no. 4)
denying a TRO stated that Sloan, in his complaint "failed to
identify the statutes or constitutional provisions on which his
claims are based."  Despite being put on notice of this pleading
deficiency, Sloan has filed nothing further in this case.

his federal constitutional rights).  Nothing in the complaint
allows the court to infer an actionable violation of Sloan's
constitutional rights.  See Jarvis v. Vill. Gun Shop, Inc., 805
F.3d 1, 8 (1st Cir. 2015) ("If there is no state action, the
plaintiff's [constitutional] claim fails."), cert. pet. filed,
No. 15-1132 (U.S. Mar. 14, 2016).

    B.   Communications Act

    To the extent Sloan seeks to assert a claim alleging that
defendants have violated the Communications Act, 47 U.S.C.
§ 315, which requires federally-licensed broadcasters to provide
all candidates running for a public office equal opportunity to
utilize the broadcast station, that statute provides no private
right of action.  See Levinson v. N.H. Pub. Television, No. 11-
cv-589-PB, 2012 WL 1148259, at *3-*4 (D.N.H. Mar. 6, 2012)
(dismissing action against television station because 47 U.S.C.
§ 315 provides no private right of action to enforce that
statute's "equal opportunities" provision).  "The proper course
for raising a claim under section 315 is to file a complaint
with the F[ederal] C[ommunications] C[ommission]."  Schneller v.
WCAU Channel 10, 413 F. App'x 424, 426 (3d Cir. 2011); see also
Rosenberg v. City of Everett, 328 F.3d 12, 16 (1st Cir. 2003).

"The Communications Act 'requires an application for review to the full [FCC] as a prerequisite to judicial review of decisions made under delegated authority.'" Schneller, 413 F. App'x at 426-27 (citation omitted).  There is nothing in the record to indicate that Sloan sought or obtained review of his claim with the FCC, and Sloan, therefore, cannot assert a claim under the Communications Act.

## III. **Diversity Jurisdiction**

If Sloan has attempted to invoke this court's diversity jurisdiction, he has failed to do so.  Sloan has not made a claim for damages or otherwise asserted facts demonstrating an amount in controversy in excess of $75,000, which is a requirement for establishing the court's diversity jurisdiction. See 28 U.S.C. § 1332(a).  Moreover, Sloan has failed to plead facts stating any claim under state law, upon which relief can be granted.

## Conclusion

For the foregoing reasons, the district judge should dismiss this action in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of

receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure
to file objections within the specified time waives the right to
appeal the district court's order.  See Garayalde-Rijos v. Mun.
of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).


_____
Andrea K. Johnstone
United States Magistrate Judge


April 28, 2016

cc:  Sam Sloan, pro se